WILLIAM A. HOPKINS, Respondent, *v.* LEON C. RIGGS, Impleaded, etc., Appellant.

*Supreme Court, Second Department, General Term, February* 10, 1890.

*Appeal.    Verdict.*—Where a case is fairly submitted to the jury, the evidence sufficient to justify such submission and to sustain the verdict, the judgment and the order denying a new trial will be affirmed.

Appeal from judgment in favor of plaintiff entered on verdict.

Action to recover damages sustained in consequence of false and fraudulent representations made by defendants to induce the purchase by plaintiff of a restaurant on the Bowery in New York city.

Defendant Riggs wrote to plaintiff that he cleared as high as $150 per week, and he inserted in the newspapers a notice that "$800 spot cash will buy a half interest in a small restaurant and lunch room that is positively clearing, above all expenses, nearly $100 a week; crowded day and night; good lease; very finest location in city; thoroughly established and favorably known; too much for one to manage alone; experience not necessary, but want an industrious, honest partner, willing to act as cashier," and directed applicants to apply for particulars to himself at 41 Bowery, New York city.

When plaintiff called to see him he told plaintiff they had two applicants they thought favorably of.

Plaintiff testified that he said the restaurant was a good stand; that he had cleared $150 there a week; that the place was hardly ever cleared of customers; that plaintiff might come in and sit down and take out his watch, and would find that in no minute of the day but some one would be found in there; that they were feeding about 500 people; the receipts were about $125 per day.   He said that it was one of

the finest locations in the city ; perfectly saleable, no trouble to sell at any time.

That there seemed to be a good attendance. The place was well crowded. Sometimes there would not be seats to accommodate them all ; that they would have to stand and wait until some other customers got through. He arranged as to the references, and directed Shannon that " if Mr. Hopkins here says that he will come and take a half interest, you can call it settled." He stated that if I bought the remaining half and don't want his, " I will sell that for you, find you a customer any time within eight days, and get all that you paid and more, and it sha'n't cost you a dime."

That, relying on these representations, he purchased the restaurant for $1,300.

That after he took charge there were not over 100 customers a day, and the receipts fell to twenty dollars a day ; that free commutation tickets had been given out by defendants, and they kept coming in ; that he lost money and finally sold out for $200.

*John Fennell*, for appellant.

*Thomas J. Ritch, Jr.*, for respondent.

DYKMAN, J.—There is no merit in this appeal. The action was for the recovery of damages for false and fraudulent representation, and depended entirely upon the evidence for its sustenance.

The case was fairly submitted to the jury, and a verdict was rendered for the plaintiff. The facts are thus settled against the defendant, and the evidence was sufficient to justify the submission of the case to the jury and to sustain the verdict.

The judgment and order denying a new trial should be affirmed, with costs.

PRATT, J., concurs.